IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABRAHAM DELGADO on behalf of himself individually and ALL OTHERS SIMILARLY SITUATED § § § § § § | | Civil Action No. |
| Plaintiff, § | | |
| v. § § | | COLLECTIVE ACTION (JURY TRIAL) |
| APOLLO ENVIRONMENTAL STRATEGIES, INC. § § § § | | |
| Defendant. § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### SUMMARY

1. Apollo Environmental Strategies, Inc. (herein after collectively referred to as "Apollo" and or Defendant) does not pay their Welders overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Apollo pays its Welders straight pay, not time and a half, for all hours worked over forty (40), in a regular work week. Because these workers are nonexempt employees under the FLSA, Abraham Delgado and the other Welders are entitled to recover unpaid overtime as well as other damages.

2. Apollo has a policy, enforced at all its locations, denying Plaintiff and putative class members compensation at time and a half for hours worked above forty (40) per week.

3. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or

1

omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

4. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Apollo who maintained a uniform pay policy denying overtime wages to its Welders.

6. Defendant, Apollo employed Plaintiff and putative class members in Beaumont, Texas and other locations within the United States.

7. Defendant managed Plaintiff and putative class members throughout the course and scope of their employment.

8. Putative class members are all similarly situated Welders who were paid straight pay instead of time and a half for hours worked above forty (40) per week during the past three years.

## JURISDICTION AND VENUE

9. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper because a substantial portion of the events forming the basis for this suit occurred in the Southern District of Texas.

## PARTIES

11. Abraham Delgado, Plaintiff, resides in Harris County, Texas and worked for Apollo from May 2016 until January 25, 2018 as a Welder. His written consent is attached.

12. Defendant Apollo Environmental Strategies, Inc. is a domestic corporation, doing business at locations throughout Texas. It may be served with process through its Registered Agent, Brian A. Mills at 3535 Calder, Suite 310, Beaumont, Texas 77706.

13. Mr. Delgado was paid $30 per hour and was required to work from Monday through Sunday.

14. Mr. Delgado worked between seventy-two to eighty-four hours per week while employed by defendant.

2

15. Mr. Delgado did not have the ability to hire and fire employees.

16. Plaintiff's primary job duties consisted of performing manual labor tasks such as welding heavy-duty machinery, providing maintenance for the machinery, fabricating barges, and welding anything required by Defendant.

17. The type of work performed by Plaintiff Delgado was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime and minimum wage under the FLSA.

18. The "FLSA Class Members" are all Welders who performed work for Apollo at all locations throughout the United States, and were not paid time and a half for overtime hours worked in the last 3 years.

## FACTS

19. Plaintiff, Abraham Delgado was an employee at Apollo Environmental Strategies, Inc.

20. Defendant Apollo is engaged in the business of environmental and coastal construction, site assessment, remediation, and dredging.

21. Plaintiff's primary job duties were to weld heavy-duty machinery, provide maintenance for the machinery, fabricate barges, and perform any other welding duty required by Defendant.

22. Plaintiff was not an independent contractor.

23. No exemption to the provisions of the FLSA excused Defendant from their obligations under the FLSA to pay Plaintiff time and a half for all the hours worked over forty (40), in a regular work week, while employed by Defendant.

24. Apollo paid Plaintiff Abraham Delgado straight time, instead of time and a half for the hours above forty that he worked each week.

25. Plaintiff was a Welder who performed work involving repetitive operations with his hands, physical skill and energy.

26. Plaintiff and putative class members were economically dependent on the business of Defendant.

27. The work performed by Plaintiff was an integral and essential part of the services provided by Defendant.

28. Defendant relied upon Plaintiff and putative class members to perform this work.

29. Defendant Apollo determined where Plaintiff and putative class members worked and how they performed their duties.

30. Apollo hired, fired and supervised their Welders (including Plaintiff and putative class members).

31. When the relative investment in facilities and equipment are compared, Defendant's investments outweigh those of Plaintiff and putative class members.

32. Plaintiff and putative class members do not exercise independent business judgment in the performance of their job duties for Defendant.

33. Defendant set Plaintiff and putative class members' hours, requires them to report to work on time and dictates when they are allowed to leave each day. In other words, Plaintiff and putative class members worked a schedule set by Defendant.

34. Plaintiff and putative class members at all locations work exclusively for Apollo since they work between 72-84 hours a week and as a practical matter, they cannot work anywhere else.

35. Plaintiff and putative class members are not permitted to hire other workers to perform their jobs for them.

36. Plaintiff and putative class members do not employ staff, nor do they maintain independent places of business.

37. Welders cannot earn a "profit" by exercising managerial skill, and their hours and assignments are determined by Apollo.

38. Plaintiff and putative class members regularly worked more than 40 hours in a workweek; Defendant paid them straight time and did not pay them time and a half for the overtime hours that they worked.

39. Plaintiff and putative class members seek unpaid overtime wages for the three-year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

40. In addition to Abraham Delgado, Defendant employed Welders at the locations where Plaintiff worked and numerous other locations throughout the United States. These Welders worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. Defendant mischaracterized its welders as independent contractors. Plaintiff and putative class members performed similar job duties and were subjected the same unlawful pay policies. The FLSA Class Members are similarly situated to Abraham Delgado.

41. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Welders at any Apollo location in the United States, who were not paid time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

42. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

43. By failing to pay Plaintiff and the Putative Class Members overtime at one and one-half times their regular rates, Apollo violated the overtime provisions of the FLSA, 29 U.S.C. §207.

44. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

45. Apollo owes Plaintiff and the Putative Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

46. Apollo knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the Putative Class Members is willful.

47. Defendant Apollo, as part of its regular business practices, has intentionally, willfully and repeatedly harmed Plaintiff and Putative Class Members by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis, as described above.

48. Apollo owes Plaintiff and the Putative Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

49. Plaintiff and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

50. Plaintiff ABRAHAM DELGADO on behalf of himself and all other similarly situated employees makes a formal demand for jury trial in this matter.

## PRAYER

51. For these reasons, Plaintiff and Putative Class Members respectfully request that judgment be entered in their favor and the following relief be awarded:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ *Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com