United States District Court
Southern District of Texas
**ENTERED**
June 27, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABRAHAM DELGADO, Individually and on behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:18-cv-00526 |
| APOLLO ENVIRONMENTAL STRATEGIES, INC., | § § § § | |
| Defendant. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Plaintiffs' Motion for Conditional Certification Under the Fair Labor Standards Act (Document No. 13). In that Motion, Plaintiff Abraham Delgado, who filed this FLSA case on behalf of himself and all others similarly situated, complains that Defendant Apollo Environmental Strategies, Inc. ("Defendant") improperly classified welders working for Defendant as independent contractors and then failed to pay them overtime. Plaintiff seeks certification of this case as a collective action of **"All current and former Welders classified as independent contractors by Apollo Environmental Strategies, Inc. at any time during the last three years."** Having considered the Motion and the declaration evidence submitted in support, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion for Conditional Certification Under the Fair Labor Standards Act (Document No. 13) be GRANTED.

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff alleges that he was improperly and illegally classified by Defendant as an independent contractor, and that based on that improper classification, Defendant failed to pay him overtime. Plaintiff seeks certification of this case as a collective

action.  In support of Plaintiff's Motion for Conditional Certification, Plaintiff submitted his own

Declaration and Declarations from two Opt-In Plaintiffs.  Plaintiff Abraham Delgado states (in-

part) in his Declaration as follows:

3. I worked as a welder for Apollo from approximately May 2016 through
January 25, 2018.  I worked for Apollo in the following locations in
Dickinson, Texas; Galveston, Texas; Beaumont, Texas; Port Bolivar,
Texas.  My primary duty was to perform welding work for Apollo.
Welding work is physical labor that requires heavy lifting and standing for
long periods of time.  I am personally aware that Apollo employs other
workers as welders and that they perform the same duties and
responsibilities as me.  I have spoken with other welders from Apollo, I
have worked with them, I have attended training with them, and I have
attended meetings with them.

4. My work for Apollo required me to work long hours, including over 40
hours in a week.  Although I worked more than 40 hours in a workweek, I
did not receive overtime pay.  Additionally, based upon my personal
observations and/or communications with other welders, I am aware that
the other welders worked over 40 hours in a week and were not paid
overtime compensation.

5. That is because Apollo classified its welders, such as myself, as
independent contractors.  As a result, I did not receive overtime pay when I
worked more than 40 hours in a workweek.  The other welders that also
worked for Apollo were not paid overtime compensation when they
worked more than 40 hours a week due to being classified as independent
contractors as well.

6. Further, I was paid on an hourly rate basis.  That is, I received a set amount
for each hour that I worked.  Additionally, Apollo paid other welders on an
hourly rate basis as well.

7. Apollo instructed the welders, including myself, as to when, where, and
how to perform the work.  Additionally, Apollo required its welders to
report to an assigned job site at a set time.  The hours worked by the
welders, including myself, were monitored and tracked and we were
required to request time off in advance.

8. I did not have a separate business phone line, website, or business email
address.  I did not advertise my services, I did not rent office space, and I
did not have employees.  I am not aware of any welder that did so.  The

2

welders, including myself, primarily invested their time and their energy to do their work.

9. On the other hand, Apollo spent a significant amount of money towards its business, including office space, equipment, and a website. Apollo invested substantially more money towards its business than any welder, including myself.

10. Working for Apollo was full time job and the full-time job of other welders. I relied upon working for Apollo to earn a living and I was not in business for myself.

11. During my conversations with other welders, I became aware that they are also upset with having been misclassified as an independent contractor. I believe that other workers would be interested in joining this lawsuit. However, many of the workers whom I've talked to about these kinds of lawsuits have said that they are afraid of being fired or retaliated against. Court intervention explaining their rights under the law would help alleviate the fear of joining this lawsuit.

(Document No. 13-2). The Declarations of Opt-in Plaintiffs Daniel Vargas and Sergio Guzman are substantially similar to that of Abraham Delgado. Plaintiff argues that the evidence contained within the Declarations is sufficient to meet the low threshold burden for collective action certification. Even though Plaintiff's Motion was filed as "opposed," Defendant has not, by this date, filed a response to Plaintiff's Motion for Conditional Certification (Document No. 13).

Section 16(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* Thus, unlike a FED. R. CIV. P. 23 class action, a representative action under § 16(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). *See also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975).

In *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989). Although the Fifth Circuit

3

has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve this issue.  The first approach, the *Shushan* method, treats the "similarly situated" inquiry as coextensive with Rule 23 class certification, and therefore, courts should look at numerosity, commonality, typicality and adequacy of representation factors to determine whether to certify a class. *See Mooney*, 54 F.3d at 1214, citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990).  The second approach involves a two-stage class certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D. N.J. 1987). *See Mooney*, 54 F.3d at 1213.  The two-stage process consists of a "notice" stage followed later by a "decertification" stage. *Mooney*, 54 F.3d at 1213-14.  During the "notice" stage, the Court determines whether notice of the action should be given to potential class members. *Id.* Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in." *Id.* at 1214.  Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id.* At this stage, the Court makes a factual determination utilizing the information accrued from discovery on whether the plaintiffs are "similarly situated." *Id.* If the Court finds that the plaintiffs are "similarly situated," then the case proceeds as a representative action. *Id.* If the Court finds that the plaintiffs are not "similarly situated," then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id.*

Here, utilizing this two-stage process in this case, *see e.g. Cruz v. Conocophillips*, 208 F.Supp.3d 811, 816 (S.D. Tex. 2016) (utilizing *Lusardi* approach); *Hernandez v. Robert Dering Construction, LLC*, 191 F.Supp.3d 675, 681 (S.D. Tex. 2016) (utilizing *Lusardi* approach), Plaintiff has satisfied the lenient standard recognized in *Lusardi* for a class consisting of welders who have been classified as independent contractors.  In the Declarations submitted by the Plaintiff and Opt-in Plaintiffs describing their work duties as a welder, and the basis for their contentions that Defendant was their employer, Plaintiff has established a representative class, has identified an improper pay practice common to those in the representative class and has

4

provided sufficient evidence that there are other welders who have expressed an interest in participating in this case. *See McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 801 (S.D. Tex. 2010) ("a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.").

As for the proposed notice, while Defendant has not objected to the form or contents of the proposed notice, it should include the following: the notice should include the style and cause number of the case; state the reason why the notice is being sent along with a class definition; describe Plaintiff's allegations in the lawsuit and the relief sought; should state, "The Court has not yet decided whether Apollo has done anything wrong or whether this case will proceed to trial"; state how a potential opt-in may join in the case; state that "the opt-in plaintiffs will be bound by the court's judgment, whether favorable *or* unfavorable," and set forth the consequences of opting in; should inform potential opt-in plaintiffs that they may contact Plaintiff's counsel, or any attorney of their choosing to discuss the case; state the costs of opting in; should state that Apollo may not retaliate against claimants for joining the suit; and should state that "the Court has not ruled on decided any of these issues, including the merits of the claims or defenses."

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Plaintiff's Motion for Conditional Certification Under the Fair Labor Standards Act (Document No. 13) be GRANTED, that the Court conditionally certify a class of "All current and former Welders classified as independent contractors by Apollo Environmental Strategies, Inc. at any time during the three years before February 22, 2018 up to the present and who were not paid overtime compensation," and that Notice be sent to class members by regular U.S. mail, which includes the language/revisions set forth above.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 27th day of June, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE